**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 15, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50628
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ARTURO SNYDER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-1-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carlos Arturo Snyder appeals his conviction after a jury
trial of possession with intent to distribute marijuana in
violation of 21 U.S.C. § 841(a)(1).

Snyder argues that the evidence was not sufficient to prove
that he knowingly possessed marijuana.  Snyder failed to renew
his motion for a judgment of acquittal at the close of the
evidence.  Snyder acknowledges that when defense counsel fails to
renew a motion for judgment of acquittal, this court reviews

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenges to the sufficiency of the evidence to determine whether affirmance would result in a manifest miscarriage of justice.  See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).  Snyder argues, however, that the manifest miscarriage of justice standard should not be applied because it finds no support in the plain language of FED. R. CRIM. P. 29, contravenes Supreme Court precedent on reasonable doubt as set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979), and undermines the requirements established for ensuring that waivers of constitutional rights are knowing and voluntary.

Because only the court sitting en banc can reverse precedent, Snyder's insufficiency claim must be reviewed under the "miscarriage of justice" standard.  See United States v. Laury, 49 F.3d 145, 151 and fn.15 (5th Cir. 1995).  This court will find a manifest miscarriage of justice only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking.  McIntosh, 280 F.3d at 483.  Moreover, as the following discussion indicates, the evidence, when viewed in the light most favorable to the Government, establishes that a reasonable jury could have found guilty knowledge beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.  Therefore, even under the standard set forth in Jackson, the evidence was sufficient to convict Snyder.

Snyder, a commercial driver, was apprehended after Border Patrol Agents discovered 257 pounds of marijuana with a value of over $200,000 in the trailer that he was hauling. Since the evidence does not establish that the marijuana was clearly visible or readily accessible, Snyder's control of the trailer alone is insufficient to establish knowledge. United States v. Pennington, 20 F.3d 593, 598-99 (1994).

Circumstantial evidence, however, supports the jury verdict. Based upon trial testimony and exhibits, it was reasonable for the jury to conclude that Snyder took possession of a sealed trailer, that the seal was then broken for the purpose of loading a significant amount of marijuana with a value of over $200,000 into the trailer, and that this valuable cargo would not have been entrusted to Snyder if he had not been part of the drug trafficking scheme. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003); see also United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995) (reasonable inferences are to be resolved in favor of the verdict). Moreover, the record indicates that Snyder detoured from his claimed route, which provided an opportunity to load the marijuana into the trailer. Thus, the jury's decision that Snyder knowingly possessed marijuana was rational based on the evidence. See Pennington, 20 F.3d at 598-99 (issue is whether jury made a rational decision to convict or acquit based on the evidence); see also United States v. Cano-Guel, 167 F.3d 900, 905 (5th Cir. 1999) (no single piece

of circumstantial evidence need be conclusive when considered in isolation).  The evidence of Snyder's knowledge is therefore not so tenuous that his conviction is shocking, and affirmance of the conviction therefore does not result in a manifest miscarriage of justice.  See McIntosh, 280 F.3d at 483.  Moreover, the evidence, when viewed in the light most favorable to the Government, establishes that a reasonable jury could have found guilty knowledge beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.

Snyder also argues that the district court committed error when it failed to grant his oral motion and written motion in which he made a fair cross section challenge to the jury venire. Snyder concedes that his challenge does not meet the requirements of the Jury Selection and Service Act.  The Sixth Amendment and the Due Process Clause of the Fifth Amendment require that a jury be drawn from a fair cross section of the community.  United States v. Williams, 264 F.3d 561, 567 (5th Cir. 2001).  Snyder has not shown that the district court erred by failing to grant either the oral or written motion.  Snyder did not argue in the district court and fails to argue here that the claimed underrepresentation is due to systematic exclusion of the group in the jury selection process.  Id. at 567-68 (setting forth elements of prima facie violation of fair cross section requirement).  Snyder has therefore failed to establish an essential element of the fair cross section challenge, and,

accordingly, has not shown that the district court erred by failing to grant his motion.  See <u>United States v. Steen</u>, 55 F.3d 1022, 1029-30 (5th Cir. 1995) (declining to decide whether jury pool reasonably mirrored racial composition of community when appellant did not provide evidence of systematic exclusion of group from jury selection process).

For the foregoing reasons the judgment of the district court is AFFIRMED.